UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION
CIVIL ACTION # 4:19-cv-9

JANICE SWEET, as Personal                                          PLAINTIFF
Representative and Administrator of the
Estate of Christopher Sweet, and next friend
to the minor children H.N.S. and A.A.S.


v.                              **<u>COMPLAINT</u>**


SHERIFF JAMEY NOEL,                                                DEFENDANTS
Individually and in his official capacity as
Clark County Sheriff
Clark County Sheriff's Department
501 E. Court Ave.
Jeffersonville, IN 47130

and

MICHAEL HAMMOND,
Clark County Sheriff's Department
501 E. Court Ave.
Jeffersonville, IN 47130

and

MICHAEL LOONEY
Clark County Sheriff's Department
501 E. Court Ave.
Jeffersonville, IN 47130

and

CHARLESTOWN PRIMARY CARE, LLC
2300 Market St.
Charlestown, IN 47111

        SERVE:      William Enloe Hoke, Jr.
                    3901 HWY 160
                    Charlestown, IN 47111

and

WILLIAM HOKE, M.D.
3901 HWY 160
Charlestown, IN 47111

## INTRODUCTION

1.      Plaintiff Janice Sweet files this action as Personal Representative and

Administrator of the Estate of Cristopher Sweet against Jamey Noel, Michael Hammond,

Michael Looney, William Hoke, and Charlestown Primary Care, LLC for their

unreasonable actions in response to the serious medical needs of Christopher Sweet and

implementing and maintaining a policy of medical care that is objectively unreasonable

in serving the needs of detainees of the Clark County Jail.

## JURISDICTION AND VENUE

2.      Plaintiff seeks actual, compensatory, and punitive damages from

Defendants under the Civil Rights Act of 1871, 42 U.S.C. § 1983, for gross and

unconscionable violations of the rights, privileges, and immunities guaranteed by the

Fourteenth Amendment to the Constitution of the United States.

3.      This Court has jurisdiction over this case pursuant to the provisions of 28

U.S.C. §1331 and § 1343.

4.      As Clark County, Indiana is the location of all acts on which Plaintiff's

claims are based, venue is proper in this Court.

## PARTIES

5.      Plaintiff Janice Sweet ("Plaintiff") is the mother of Christopher Sweet and

Personal Representative and Administrator of the Estate of Christopher Sweet. She also

brings this action as next friend of H.N.S. and A.A.S., the minor children of Christopher Sweet. Janice Sweet is a resident of Clark County, Indiana.

6.      Christopher Sweet ("Sweet"), deceased, was a resident of Clark County, Indiana.

7.      Defendant Sheriff Jamey Noel ("Noel") is, and at all times relevant herein was, the elected Sheriff of Clark County Indiana. He was responsible for the conditions in the Clark County Jail ("Jail"), for the establishment of policies either formally or by custom or practice, and for the employment, training, supervision, and conduct of the officers and employees of the Sheriff's Department and Jail. Noel is named both individually and in his official capacity.

8.      Defendant Michael Hammond ("Hammond") is, and at all times relevant herein was, a licensed practical nurse responsible for providing medical care to inmates in the Clark County Jail. Hammond directly managed the medical care Sweet received while held in the Clark County Jail.

9.      Defendant Michael Looney ("Looney") is, and at all times relevant herein was, a deputy officer with the Clark County Sheriff's Department at the Clark County Jail.

10.     Clarksville Primary Care, LLC ("CPC") is a limited liability company organized under the laws of the state of Indiana and doing business in the state of Indiana. At all times relevant herein, CPC was responsible for providing medical care to detainees of Clark County Jail, supervising medical staff at the Jail, and establishing medical protocols at the Jail.

11.    William Hoke ("Hoke") is a medical doctor licensed to practice medicine in the state of Indiana. He is a principal in the CPC practice group and is responsible for providing and overseeing medical care and establishing and approving medical protocols at the Clark County Jail.

## FACTUAL ALLEGATIONS

12.    Christopher Sweet was a 37-year-old father of two girls.

13.    Following an argument with his fiancée, on May 27, 2017 at 6:50 PM, Jeffersonville Police arrested Sweet on a misdemeanor charge.

14.    While being booked into the Clark County Jail at 7:16 PM, Sweet told officers that he had high blood pressure and took daily prescription medications.

15.    Upon information and belief, Jail officers did not take any action to obtain Sweet's prescription medications or a medical examination during booking.

16.    Sweet reported chest pain to Jail staff, who called Defendant Michael Hammond, a licensed practical nurse working under the authority of Defendants Sherriff Jamey Noel, Clarksville Primary Care, and Doctor William Hoke. Hammond instructed staff to put Sweet in medical segregation for one-hour blood pressure checks.

17.    At 8:49 AM on May 28, 2017, Sweet complained again of chest pain. Upon information and belief, Defendant Hammond instructed Jail staff to keep Sweet on medical watch and allow him to phone family to request medications.

18.    At 11:00 AM, Sweet once again complained of chest pain and told Officer Ashley Childress that it felt like an elephant was sitting on his chest.

19.    At 11:40 AM, Defendant Hammond saw Sweet. Sweet reported "a weird feeling at the right side of chest and right shoulder." Hammond put Sweet on "Librium

4

Protocol," "Advil, and Tylenol protocol." Hammond also started Sweet on some of the medications his family brought in.

20.    Upon information and belief, Defendant Hammond did not consult with a registered nurse, nurse practitioner, or physician about Sweet's medical care.

21.    Hammond ordered a variety of medications for Sweet: Advil, Tylenol, Venlafaxine, Abilify, Librium, and Amlodipine.

22.    At 2:18 PM, officers took Sweet back to booking. Sweet was patting his chest, making pained facial expressions, leaning on the counter, and exhibiting labored breathing.

23.    At 2:35 PM, Sweet told Defendant Michael Looney that he still felt like he had an elephant on his chest.

24.    Looney did not take any action to address Sweet's medical emergency.

25.    At 3:17 PM, an inmate in the cell with Sweet alerted officers that Sweet needed help.

26.    Sweet had collapsed and was slumped over a bench.

27.    Responding Jail Officers noted that Sweet was having difficulty breathing. They recorded Sweet's oxygen saturation at 82% and his heart rate at 225 beats per minute. Sweet was foaming at the mouth, and his skin was a purple-blue color.

28.    At 3:21 PM, Officer Tera Smith called 911.

29.    The 911 dispatcher informed Smith that she needed to start CPR.

30.    Upon information and belief, Jail Officers struggled to locate various emergency medical supplies.

31.     Yellow Ambulance paramedics arrived at 3:32 PM and discovered that Sweet was asystole (flat-lining). They transported Sweet to Clark Memorial Hospital where he was pronounced dead.

## COUNT I – CONSTITUTIONAL VIOLATIONS UNDER 42 U.S.C. § 1983

### *Failure to Provide Medical Care (against Defendants Michael Hammond and Michael Looney)*

32.     Plaintiff reaffirms and incorporates by reference all allegations in the previous paragraphs of this Complaint.

33.     Defendants Hammond and Looney were acting under the color of state law when they undertook the actions described above.

34.     Hammond and Looney deprived Sweet of his rights under the Fourteenth Amendment to the United States Constitution.

35.     Hammond was repeatedly and objectively unreasonable in failing to treat the obvious medical needs of Sweet, and repeatedly failed to secure him necessary medical attention.

36.     Hammond was objectively unreasonable when he denied Sweet medical attention despite Hammond's knowledge of Sweet's medical needs, ultimately contributing to Sweet's injuries and death.

37.     Looney was objectively unreasonable in failing to obtain emergency medical treatment for Sweet, contributing to Sweet's injuries and death.

38.     Defendants' practices constitute an arbitrary use of government power, and evince a total, intentional, and unreasonable disregard for Sweet's constitutional rights.

39.     Defendants were aware that their actions were substantially likely to result in violations of Sweet's constitutional rights.

40.     As a result of the foregoing, Sweet was deprived of his right to due process secured by the Fourteenth Amendment guaranteed him by the Constitution of the United States in violation of the Civil Rights Act of 1871, 42 U.S.C. § 1983.

### *Supervisory Liability, Policy-Maker Liability, Failure to Train (against Defendants Jamey Noel, William Hoke, and Charlestown Primary Care, LLC)*

41.     As Clark County Sheriff, Defendant Noel was a final policymaker and decisionmaker for the Clark County Jail and had oversight responsibility for ensuring that inmates receive appropriate medical care, the staff are trained to identify and respond to medical emergencies, and the jail is adequately staffed with medically trained personnel.

42.     Upon information and belief, Defendants Hoke and CPC acted in a supervisory capacity over Defendant Hammond and encouraged and/or directly participated in the misconduct undertaken by him, as set forth above. Furthermore, Hoke and CPC are responsible for medical services at the jail, including establishing policies and procedures under 210 IAC 3-1-11.

43.     Defendants failed to promulgate, review, and train staff on procedures necessary to provide reasonable medical care to inmates.

44.     Defendants were on actual or constructive notice that Hammond was providing medical evaluations, treatment, and diagnoses which he was not licensed or trained to provide.

45.     Defendants were on actual or constructive notice that the failure to render adequate medical care to inmates was substantially certain to result in the violation of the

constitutional rights of those inmates, including Sweet.

46.    As a direct and proximate result of the aforementioned conduct, Sweet suffered physical harm, emotional distress, mental anguish, and death.

### *Municipal Liability (against Defendant Jamey Noel in his Official Capacity)*

47.    Defendant Noel was directly responsible for Sweet's injuries as a county official due to his failure (a) to adequately train and supervise the officers, employees, and contractors; (b) to adequately and properly staff the Jail and provide it the resources necessary to serve the needs of persons like Sweet; and (c) to inculcate policies, customs and practices to prevent – or to investigate, discover and change or abolish the policies, customs and practices responsible for – the mistreatment he endured.

48.    Noel's specific failures include, but are not limited to:

a.    Failing to train deputies and correctional officers as to the proper methods for dealing with medical emergencies, including how to retrieve medical supplies, how to properly administer CPR, and other life-saving measures;

b.    Failing to adequately staff the Clark County Jail with a sufficient number of competent medical professionals;

c.    Failing to adequately provide and stock code carts and other first aid kits for use during medical emergencies at the Jail;

d.    Failing to provide adequate monitoring and medical treatment to inmates of the Jail;

e.    Failing to train staff and third-party contractors as to the proper methods for establishing and delivering competent medical evaluation and care to inmates of the Jail;

f.    Failing to establish or follow proper protocol for evaluating and monitoring medical disorders, including high blood pressure and heart attack warning signs, of inmates in the Jail; and

g.    Failing to establish or follow proper protocol for handling medical emergencies in the Jail.

8

49.     As a result of the foregoing failures, and the other institutional failures identified in this Complaint, the inadequacy of Noel's policies, customs, practices, and procedures were so likely to result in the violation of constitutional rights that Defendants, by and through their final policy-maker, can reasonably be said to have been objectively unreasonable to the needs of Sweet and inmates like him.

## DAMAGES

50.     Plaintiff reaffirms and incorporates herein by reference all allegations contained in all paragraphs above.

51.     Defendants' actions, collectively and individually, directly and proximately caused Sweet to be damaged in an amount exceeding the jurisdictional limits of this Court.

52.     As set forth above, Sweet was unjustifiably and unconstitutionally treated in a manner that ultimately led to his death and caused him tremendous and overwhelming mental and emotional distress. As a result, Plaintiff is entitled to recover actual and compensatory damages.

53.     Furthermore, Defendants' violations of the constitutional and common law rights of Sweet evinced a total and reckless disregard for and indifference to those rights, entitling Plaintiff to recover punitive damages from Defendants in order to deter such conduct in the future.

**WHEREFORE**, Plaintiff requests:

A.     a trial by jury;

B.     permanent injunctive relief to correct the unlawful and unconstitutional policies, practices, and procedures discussed in this Complaint;

9

C.      an award of actual, compensatory, and punitive damages to Plaintiff;

D.      an award of Plaintiff's costs and attorney fees and all other relief to which she is entitled under law or in equity; and

E.      any and all other relief to which she may be entitled to under the law.

Respectfully submitted,


*/s/ Laura E. Landenwich*
Laura E. Landenwich, #27709-22
ADAMS LANDENWICH WALTON, PLLC
517 W. Ormsby Avenue
Louisville, KY 40203
(502) 561-0085
laura@justiceky.com
*Counsel for Plaintiff*